UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ECHOTA WOLFCLAN,

                Plaintiff,

v.

JILMA MENESSES, *et al.*,

                Defendants.

Case No. C23-5938-JLR-MLP

ORDER DIRECTING SERVICE OF COMPLAINT

This is a civil action asserting claims under the United States Constitution and Washington State law. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The Court, having reviewed Plaintiff's complaint, hereby ORDERS as follows:

    (1)    <u>Service by Clerk</u>

The Clerk is directed to send to Jilma Menesses, Secretary of the Washington State Department of Social and Health Services, Charles Sutherlin, Interim Chief Executive Officer of Western State Hospital, Cassie Villegas, Interim Director of the Office of Forensic Mental Health Services, and the State of Washington, by e-mail: a copy of Plaintiff's complaint (dkt.

ORDER DIRECTING SERVICE
OF COMPLAINT - 1

# 9-2), a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.[1]

(2)   Response Required

Defendant shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. If Defendant timely returns a signed waiver, it shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. If Defendant fails to timely return a signed waiver, the Court will direct that service be effectuated under Rule 4(j) of the Federal Rules of Civil Procedure, and Defendant may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

(3)   Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

---

[1] Plaintiff recently submitted a proposed motion for summary judgment (dkt. # 9-3) and a proposed motion to add defendants (dkt. # 9-4). Plaintiff's proposed motion for summary judgment (dkt. # 9-3) is STRICKEN as premature given that Defendants have yet to be served in this matter. Plaintiff may re-file his motion at a later date after Defendants have appeared and the parties have had an opportunity to conduct any necessary discovery. Plaintiff's proposed motion to add defendants (dkt. # 9-4) is DENIED as it is procedurally deficient. The appropriate mechanism for Plaintiff to add defendants is for him to file an amended pleading that incorporates all of his intended claims against all intended defendants.

ORDER DIRECTING SERVICE
OF COMPLAINT - 2

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiff shall indicate the date the document is submitted for e-filing as the date of service.

(4) <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. The party making the motion may electronically file and serve, not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

ORDER DIRECTING SERVICE
OF COMPLAINT - 3

(5)     Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

ORDER DIRECTING SERVICE
OF COMPLAINT - 4

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6)     Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7)     The Clerk is directed to send a copy of this Order to Plaintiff. The Clerk is further directed to send a copy of this Order and a courtesy copy of Plaintiff's complaint to the Washington Attorney General's Office.

Dated this 8th day of December, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DIRECTING SERVICE
OF COMPLAINT - 5