UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ECHOTA WOLFCLAN,

          Plaintiff,

v.

JILMA MENESSES, *et al.*,

          Defendants.

Case No. C23-5938-JLR-MLP

ORDER DIRECTING SERVICE OF AMENDED COMPLAINT

This is a 42 U.S.C. § 1983 prisoner civil rights action asserting claims under the United States Constitution and Washington State law. Plaintiff Echota Wolfclan ("Plaintiff") is proceeding with this action *pro se* and *in forma pauperis*. On December 8, 2023, this Court directed service of Plaintiff's original § 1983 complaint. (Dkt. # 14.) On December 20, 2023, Plaintiff filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15, and on December 28, 2023, he submitted a copy of his proposed amended complaint in support of his motion. (Dkt. ## 15-16.)

Rule 15(a)(1) provides that a party may amend its complaint once as a matter of course within 21 days after serving it—or if the pleading is one to which a responsive pleading is required—21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f),

ORDER DIRECTING SERVICE
OF COMPLAINT - 1

whichever is earlier. Fed. R. Civ. P. 15(a)(1). Here, Plaintiff's amended complaint was timely filed to permit amendment as a matter of course. The Court further observes that the previously served Defendants submitted waivers of service of summons on January 2, 2024, but have yet to submit a responsive pleading or motion to Plaintiff's original complaint, and that the previously served Defendants will not be required to submit a responsive pleading or motion until February 9, 2024. (*See* dkt. ## 18-21.)

Accordingly, the Court, having reviewed Plaintiff's submissions, and recognizing Plaintiff's addition of Defendants in his amended pleading, hereby ORDERS as follows:

(1) Plaintiff's motion to amend his complaint (dkt. # 15) is STRICKEN as the motion is unnecessary.

(2) <u>Service by Clerk</u>

The Clerk is directed to send to Assistant Secretary of the Washington State Department of Social and Health Services Kevin Bovenkamp and Western State Hospital Medical Director Brian Waiblinger by e-mail: a copy of Plaintiff's amended complaint (dkt. # 16), a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

(3) <u>Response Required</u>

Defendant shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. If Defendant timely returns a signed waiver, it shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. If Defendant fails to timely return a signed waiver, the Court will direct that service be effectuated under Rule 4(j) of the Federal Rules of Civil Procedure, and Defendant may be required to pay the full costs of such

ORDER DIRECTING SERVICE
OF COMPLAINT - 2

service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

    (4)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiff shall indicate the date the document is submitted for e-filing as the date of service.

    (5)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the

ORDER DIRECTING SERVICE
OF COMPLAINT - 3

motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. The party making the motion may electronically file and serve, not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(6)   <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a

ORDER DIRECTING SERVICE
OF COMPLAINT - 4

motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(8) The Clerk is directed to send a copy of this Order to the parties. The Clerk is further directed to send a copy of this Order and a courtesy copy of Plaintiff's amended complaint to the Washington Attorney General's Office.

Dated this 3rd day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge