UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ECHOTA WOLFCLAN,

    Plaintiff,

v.

JILMA MENESSES, *et al.*,

    Defendants.

Case No. C23-5938-JLR-MLP

ORDER RE: PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND TO CONTINUE DEFENDANTS' SUMMARY JUDGMENT MOTION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motions for leave to amend his complaint and to continue Defendants' pending summary judgment motion. (Dkt. ## 42, 44.) Defendants have filed responses opposing both motions (dkt. ## 45, 46), and Plaintiff has filed reply briefs in support of both motions (dkt. ## 48, 49). The Court, having reviewed Plaintiff's motions, all briefing of the parties, and the balance of the record, DENIES Plaintiff's motion for leave to amend (dkt. # 42), GRANTS Plaintiff's motion for a continuance (dkt. # 44), and establishes a deadline for Plaintiff to file a renewed motion for leave to amend.

ORDER RE: PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND TO CONTINUE DEFENDANTS'
SUMMARY JUDGMENT MOTION - 1

## II. BACKGROUND

On October 19, 2023, Plaintiff Echota Wolfclan submitted to this Court for filing a *pro se* prisoner civil rights complaint and an application to proceed with this action *in forma pauperis* ("IFP"). (*See* dkt. # 1.) Plaintiff was confined at the Pierce County Jail at the time he filed his complaint, but shortly thereafter he was transferred into the custody of the Washington Department of Corrections. (*See* dkt. ## 1, 5.) On November 29, 2023, while the Court was waiting for Plaintiff to correct a deficiency in his IFP application, Plaintiff submitted to the Court for filing a proposed motion for summary judgment (dkt. # 7) and a proposed motion to add defendants (dkt. # 8).

On December 7, 2023, Plaintiff corrected his IFP deficiency (*see* dkt. # 9) and the following day this Court issued an Order directing service of Plaintiff's complaint on the four Defendants named therein (dkt. # 14). The Court also directed that Plaintiff's proposed motion for summary judgment be stricken as premature and advised that Plaintiff could re-file his motion after Defendants appeared and the parties had had an opportunity to conduct any necessary discovery. (*Id*. at 2 n.1.) In addition, the Court denied Plaintiff's proposed motion to add defendants, noting that the motion was procedurally deficient and that the appropriate mechanism to add defendants was to file an amended pleading. (*Id*.)

On December 28, 2023, Plaintiff filed an amended complaint, and the Court ordered service of the amended pleading on two additional Defendants on January 3, 2024. (Dkt. ## 16, 22.) On January 24, 2024, Plaintiff re-filed his summary judgment motion. (Dkt. # 27.) At that point, counsel had appeared on behalf of all Defendants (*see* dkt. ## 17, 24), but no responsive pleading had been filed nor had the parties had any opportunity to conduct discovery. On February 12, 2024, Defendants filed a response to Plaintiff' motion for summary judgment

together with a cross-motion for summary judgment. (Dkt. # 28.) The Court issued a Minute Order the following day noting both motions for consideration on March 8, 2024, so that they could be considered together. (Dkt. # 38.)

On February 26, 2024, counsel appeared on behalf of Plaintiff.[1] (Dkt. ## 39, 40.) Plaintiff's counsel communicated with Defendants' counsel the same day seeking a stipulation to remove the pending cross-motions for summary judgment from the Court's calendar and to provide a date for Plaintiff's counsel to amend the complaint. (Dkt. # 43, ¶ 7, Ex. A.) Defendants' counsel declined to stipulate on the grounds that some named Defendants are entitled to absolute immunity and the remaining Defendants are high ranking officials and, thus, are not proper defendants in this action. (*See id*.) On February 29, 2024, Plaintiff's counsel withdrew Plaintiff's pending summary judgment motion and filed motions to amend Plaintiff's complaint and to continue Defendants' summary judgment motion. (Dkt. ## 41, 42, 44.) Defendants oppose both motions. (Dkt. ## 46, 47.) The Court addresses each of Plaintiff's pending motions below.

### III.   DISCUSSION

A.   **Motion for Leave to Amend**

Plaintiff seeks leave to amend his complaint in light of the recent appearance of pro bono counsel, and he asks that an order be entered allowing him to amend his complaint on or before May 8, 2024. (Dkt. # 42.) Plaintiff's attorneys assert that the additional time will allow them to investigate Plaintiff's allegations and, if appropriate, to comply with the statutory prerequisite for filing a state law tort claim. (*Id*.) Defendants argue that the motion to amend should be denied

---

[1] Plaintiff's counsel were recently appointed to serve as pro bono counsel for Plaintiff in a related case, *Wolfclan v. Washington DSHS, et al*., No. C23-5399-TSZ-SKV.

ORDER RE: PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND TO CONTINUE DEFENDANTS'
SUMMARY JUDGMENT MOTION - 3

because: (1) Plaintiff failed to comply with Local Civil Rule ("LCR") 15 by not attaching a proposed amended complaint to his motion; (2) Plaintiff's request for approximately 75 days to file an amended complaint is not permissible under LCR 15 and is not appropriate given that counsel's representation was undisclosed prior to filing a notice of appearance; and (3) amendment would be futile and prejudicial because Plaintiff's lawsuit suffers from incurable defects. (Dkt. # 46.)

Defendants are correct that Plaintiff failed to comply with LCR 15 because he failed to attach a proposed amended complaint to his motion for leave to amend as is required by the local rule. Plaintiff's motion is therefore procedurally deficient and must be denied on this basis. However, given that pro bono counsel only recently appeared on behalf of Plaintiff in this case, the Court deems it reasonable and appropriate to afford counsel time to conduct some investigation into this matter, prepare an amended pleading should counsel deem it appropriate to do so, and again seek leave to amend in accordance with the provisions of LCR 15.

Once a procedurally proper motion to amend is presented for consideration, the Court will take up the issue of whether leave to amend should be granted. Defendants may at that time renew any arguments in opposition to the proposed amendment they deem appropriate. The Court will establish a deadline for the filing of a renewed motion for leave to amend below.

B. **Motion to Continue**

Plaintiff also seeks to continue Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) in order to give pro bono counsel an opportunity to investigate, obtain declarations, conduct discovery related to Plaintiff's claims and, if appropriate, amend Plaintiff's current complaint. (Dkt. # 44.) Defendants argue that Plaintiff's motion to continue should be denied because: (1) Plaintiff failed to identify the specific facts further discovery would reveal

and explain why those facts would preclude summary judgment; (2) Plaintiff's request for an indefinite continuance is unreasonable and inappropriate given that counsel's representation was undisclosed prior to filing a notice of appearance; and (3) a continuance would be futile and unduly prejudicial because Plaintiff's lawsuit suffers from incurable defects. (Dkt. # 45.)

As discussed above, this Court deems it reasonable and appropriate to permit Plaintiff's pro bono counsel an opportunity to investigate Plaintiff's claims and prepare an amended pleading for the Court's consideration. This necessarily requires that Defendants' pending motion for summary judgment be delayed for a period of time. Though Defendants object to any delay, the circumstances presented here are unique.

Plaintiff, while proceeding *pro se*, unadvisedly filed a motion for summary judgment almost immediately after counsel appeared on behalf of Defendants. (*See* dkt. ## 17, 24, 27.) Plaintiff did so after apparently incorrectly advising Defendants' counsel that he was represented by attorney Mark Walters. (*See* dkt. # 47, ¶ 2.) After Plaintiff conveyed this information to Defendants' counsel, counsel reached out to Mr. Walters and learned that Mr. Walters' firm was looking at this case but had not finalized terms for representation of Plaintiff in this matter. (*Id.*, ¶ 3.) This first communication by Mr. Walters regarding the status of his representation of Plaintiff occurred on January 26, 2024. (*Id.*) It was not until February 26, 2024, that Mr. Walters contacted Defendants' counsel again and filed a notice of appearance in this action. (*See id.*, ¶¶ 3-5; dkt. # 39.) In the interim, Defendants elected to not only respond to Plaintiff's arguably premature summary judgment motion, but to also file a summary judgment motion of their own. (Dkt. # 28.)

While the Court acknowledges that Defendants have invested some amount of time in the preparation of their dispositive motion, the fact remains that this lawsuit is still in the very early

ORDER RE: PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND TO CONTINUE DEFENDANTS'
SUMMARY JUDGMENT MOTION - 5

stages with no pretrial schedule yet established—including no deadline to amend pleadings—and no discovery having been undertaken. Thus, though the delay may be inconvenient for Defendants, the Court does not deem it to be unduly prejudicial. Defendants' desire for a speedy resolution of this matter does not outweigh the importance of giving pro bono counsel an opportunity to investigate Plaintiff's claims and perfect them if possible.

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1)   Plaintiff's motion for leave to amend his complaint (dkt. # 42) is DENIED. This denial is without prejudice to Plaintiff filing a renewed motion to amend, together with a proposed amended pleading, not later than ***May 8, 2024***.

(2)   Plaintiff's motion to continue Defendants' motion for summary judgment (dkt. # 44) is GRANTED. Because Defendants' motion for summary judgment (dkt. # 28) cannot reasonably be considered prior to resolution of Plaintiff's anticipated renewed motion for leave to amend, that motion is STRICKEN from the Court's motion calendar subject to re-noting once any motion to amend is resolved. If no renewed motion for leave to amend is filed by the date set forth above, the Court will immediately place Defendants' motion back on the calendar and call for a response.

(3)   The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable James L. Robart.

//

//

//

//

1  DATED this 8th day of April, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTIONS TO AMEND
COMPLAINT AND TO CONTINUE DEFENDANTS'
SUMMARY JUDGMENT MOTION - 7