1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    ECHOTA WOLFCLAN,

9                         Plaintiff,                      Case No. C23-5938-JLR-MLP

10          v.                                            ORDER

11   JILMA MENESSES, *et al.*,

12                         Defendants.

13

14                          **I.      INTRODUCTION**

15        This matter is before the Court on Plaintiff Echota Wolfclan's ("Plaintiff") Renewed

16   Motion for Leave to Amend Complaint. (Pl.'s Mot. (Dkt. # 53).) Defendants filed a response

17   (dkt. # 55), and Plaintiff filed a reply (dkt. # 56). The Court held oral argument on July 2, 2024.

18   (Dkt. # 58.) Having considered the parties' submissions, oral argument, the balance of the

19   record, and the governing law, Plaintiff's Motion (dkt. # 53) is GRANTED in part and DENIED

20   in part, as further explained below.

21                          **II.     BACKGROUND**

22        Plaintiff filed this action *pro se* on October 19, 2023. (Dkt. # 1.) Plaintiff's claims

23   generally allege that Defendants failed to timely provide Plaintiff competency restoration

services while he was detained in the Pierce County Jail under unsanitary conditions. (*Id.*) On December 8, 2023, Plaintiff filed a motion for summary judgment. (Dkt. # 12.) On the same date, the Court issued an Order directing service of the complaint on the four Defendants named in Plaintiff's initial complaint: Jilma Menesses, Secretary of the Washington State Department of Social and Health Services ("DSHS"); Charles Southerland[1], interim CEO of Western State Hospital ("WSH"); Cassie Villegas, interim Director of the Office of Forensic Mental Health Services; and the State of Washington. (*See* dkt. ## 11, 14.) The Court also directed that Plaintiff's proposed motion for summary judgment be stricken as premature and advised that Plaintiff could re-file his motion after Defendants appeared and the parties had an opportunity to conduct any necessary discovery. (*See* dkt. # 14.)

On December 28, 2023, Plaintiff filed an amended complaint in which he added two Defendants: Kevin Bovenkamp, Assistant Secretary of DSHS; and Brian Waiblinger, Medical Director of WSH. (Dkt. # 16.) The Court ordered service on the two new Defendants on January 3, 2024. (Dkt. # 22). The *pro se* amended complaint (dkt. # 16) is the operative pleading in this action.

On January 24, 2024, Plaintiff re-filed his summary judgment motion. (Dkt. # 27.) On February 12, 2024, Defendants filed a response to Plaintiff' motion for summary judgment together with a cross-motion for summary judgment. (Dkt. # 28.) Those motions were noted for consideration on March 8, 2024. (Dkt. # 38.)

On February 26, 2024, counsel appeared on behalf of Plaintiff. (Dkt. ## 39, 40.) Plaintiff's counsel communicated with Defendants' counsel the same day seeking a stipulation to remove the pending cross-motions for summary judgment from the Court's calendar and to

---

[1] Defendant Southerland was identified as "Charles Sutherlin" in the initial and amended complaint. (Dkt. ## 11, 16.)

provide a date for Plaintiff's counsel to amend the complaint. (Dkt. # 43 at ¶ 7, Ex. A.)

Defendants' counsel declined to stipulate on the grounds that some named Defendants are

entitled to absolute immunity and the remaining Defendants are high ranking officials and, thus,

are not proper defendants in this action. (*See id.*) On February 29, 2024, Plaintiff's counsel

moved to withdraw Plaintiff's pending summary judgment motion and filed motions to amend

Plaintiff's complaint and to continue Defendants' summary judgment motion. (Dkt. ## 42, 44.)

       On April 8, 2024, the Court denied the motion to amend without prejudice because

Plaintiff did not submit a proposed amended complaint with his motion pursuant to Local Civil

Rule ("LCR") 15. (Dkt. # 51.) However, Plaintiff was granted leave to file a renewed motion to

amend together with a proposed amended pleading by May 8, 2024. (*Id.*) In addition,

Defendant's motion for summary judgment was stricken subject to re-noting once any renewed

motion to amend was resolved. (*Id.*) On May 8, 2024, Plaintiff filed a renewed motion to amend

together with a proposed amended complaint. (Dkt. ## 53, 54.) Defendants oppose Plaintiff's

Motion, primarily arguing that the proposed amendments are futile. (Dkt. # 55.)

## III.    DISCUSSION

       Plaintiff's proposed second amended complaint includes causes of action for: (1) 42

U.S.C. § 1983 violations regarding the Fourteenth Amendment's Equal Protection Clause; (2)

negligence, gross negligence, and negligence *per se*; (3) tortious failure to keep health and

safety; (4) negligent infliction of emotional distress; and (5) outrage. (Dkt. # 54, Ex. A.)

Proposed defendants include Jilma Menesses, Thomas Kinlen, Charles Southerland (together

with Defendants Menesses and Kinlen, the "Individual Defendants"), and DSHS. (*Id.*)

Defendants Menesses and Southerland were named in Plaintiff's amended complaint (dkt. # 16),

while Defendants Kinlen and DSHS are named for the first time here. The proposed second

amended complaint omits the State of Washington, Kevin Bovenkamp, Brian Waiblinger, and Cassie Villegas as defendants, all of whom were previously named in the amended complaint. (*Compare* dkt. # 16, *with* dkt. # 54, Ex. A.)

### A.    Pleading Amendment Standards

After a party has already amended its complaint as a matter of course, Federal Rule of Civil Procedure 15 requires leave of Court to file another amended complaint. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*; *see Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Leave to amend under Rule 15 "is to be applied with extreme liberality.") (quotation omitted). Factors weighing against leave to amend include undue delay, bad faith, failure to cure deficiencies in previous amendments, undue prejudice to opposing parties, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B.    Section 1983 Claims

Defendants argue that they are broadly immune to § 1983 claims under the Eleventh Amendment, and that such immunity renders Plaintiff's proposed § 1983 cause of action futile. Defendants are correct that DSHS, a state agency, is immune from suit under § 1983, and the Individual Defendants are likewise immune from damages claims arising under § 1983 that stem from actions taken in their official capacities. *See Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." (citation omitted)); *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983."). However, the Individual Defendants may be sued under § 1983 for actions taken in their personal capacities,

since immunity does not extend to such circumstances. *See id.* ("State officers are subject to § 1983 liability for damages in their personal capacities, however, even when the conduct in question relates to their official duties.").

Defendants further argue that none of the Individual Defendants are personally responsible for Plaintiff's alleged deprivation of rights. (Dkt. # 55 at 4, 8-11.) However, this argument raises questions of fact that cannot be resolved at the pleading stage, where factual allegations in the complaint are accepted as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). While Plaintiff must prove these facts to prevail in his case, Plaintiff's proposed complaint includes sufficient factual allegations to state § 1983 claims against the Individual Defendants in their personal capacities.

Defendants also argue that Plaintiff's claims constitute impermissible claim splitting because Plaintiff has ongoing litigation against Pierce County based on alleged mistreatment and unsanitary conditions in the Pierce County Jail. *See Wolfclan v. Pierce County, et al.*, No. 3:23-cv-5399-TSZ-SKV (W.D. Wash.). Plaintiff's present claims, however, arise from separate facts and transactions than his claims against Pierce County. *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir. 2022). Plaintiff's claims in this case—that state officials failed to provide him with required and timely competency restoration services—would survive even if the alleged conditions at Pierce County Jail were rectified. Given the differences between the two cases' facts, it was permissible for Plaintiff to file separate actions.

### C.   Tort Claims

Defendants argue that Plaintiff's tort claims are procedurally deficient because they did not comply with RCW 4.92.110—a Washington law requiring tort claims against the state or its agencies, officers, and employees to be presented to the office of risk management sixty days

prior to initiation of an action for such claims. (Dkt. # 55 at 6-7.) "These requirements 'allow government entities time to investigate, evaluate, and settle claims,'" thereby saving public resources. *Chang v. Vanderwielen*, 2022 WL 7048122, at *8 (W.D. Wash. Oct. 12, 2022) (quoting *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968 (2014)). "Dismissal of an action for lack of subject matter jurisdiction is required if the tort claim submitted under chapter 4.92 RCW does not strictly comply with the statutory procedure." *Schoonover v. State*, 116 Wn. App. 171, 177 (Wash. Ct. App. Div. 2, 2003).

At oral argument, Plaintiff's counsel conceded that Plaintiff did not present his tort claims to the state prior to filing this action—the tort claims were presented after Plaintiff, acting *pro se*, filed his initial complaint. Since RCW 4.92.110's requirements are a jurisdictional "condition precedent" to filing a tort action against the state, Plaintiff cannot retroactively cure this deficiency in this action, rendering his proposed tort claims futile. *See Jones v. Univ. of Wash.*, 62 Wn. App. 653, 661 (Wash. Ct. App. Div. 1, 1991); *see also Hyde v. Univ. of Wash. Med. Ctr.*, 186 Wn. App. 926, 929 (Wash. Ct. App. Div. 1, 2015) ("Dismissal is the proper remedy for failure to comply with these tort claim filing requirements."). Accordingly, this Court lacks jurisdiction over Plaintiff's tort claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)     Plaintiff's Motion (dkt. # 53) is DENIED as to his § 1983 claim (dkt. # 54, Ex. A, Count 1) to the extent it is asserted against: (1) DSHS; and (2) the Individual Defendants acting in their official capacities.

(2)     Plaintiff's Motion (dkt. # 53) is GRANTED as to his § 1983 claim (dkt. # 54, Ex. A, Count 1) to the extent it is asserted against the Individual Defendants acting in their personal capacities.

(3)     Plaintiff's Motion (dkt. # 53) is DENIED as to his tort claims (dkt. # 54, Ex. A, Counts 2-5).

(4)     Plaintiff shall file a second amended complaint that comports with the Court's ruling within ten (10) days of this Order.

(5)     The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 10th day of July, 2024.


MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7